UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In re: :

| | |
|---|---|
| KEVIN C. DAVIS, | Chapter 7 |
| Debtor. | Case No. 09-16161 (SMB) |

-----------------------------------------------------------X

DANIEL J. O'HARE, et al.

| | |
|---|---|
| Plaintiffs, | |
| – against – | Adv. Pro. No. 10-02883 (SMB) |
| KEVIN C. DAVIS, | |
| Defendant. | |

-----------------------------------------------------------X

## **STIPULATION AND ORDER OF SETTLEMENT AND MUTUAL RELEASE**

This Settlement Agreement and Mutual Release (the "Agreement") is effective this 11th day of May, 2016 between Daniel J. O'Hare and Michael R. Steward (collectively the "Plaintiffs") and Kevin C. Davis (the "Debtor" or "Defendant"). Collectively the Plaintiffs and Defendant are referred to herein as "Parties," or each a "Party.") In consideration of the respective promises, representations, warranties, and acknowledgments set forth below, the Parties agree as follows:

### **Recitals**

**WHEREAS**, on October 15, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") was filed in the United States Bankruptcy Court for the Southern District of New York (the or this "Court"); and

**WHEREAS**, the Plaintiffs have standing to assert and bring certain claims and causes of action against the Debtor which include claims and causes of action pursuant to §§ 523(a)(2)(A); 523(a)(4); and 523(a)(6) of the Bankruptcy Code in the aggregate amount of not less than $7,962,000.00 (the "Causes of Action"); and

**WHEREAS**, the Plaintiffs filed a complaint commencing adversary proceeding no. 10-02883 against the Debtor on March 4, 2010 seeking recovery of the Causes of Action (the "Adversary Proceeding");

**WHEREAS,** the Debtor have asserted that he has defenses to the claims asserted in the Adversary Proceeding; and

**WHEREAS,** the Parties now desire to resolve any and all disputes arising out of or related to the Causes of Action and claims asserted in the Adversary Proceeding, according to the terms set forth herein.

### Agreement

**NOW THEREFORE**, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1. Recitals Incorporated. The recitals and precatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Agreement.

2. Payment and Delivery. Upon the execution of this Agreement, the Debtor shall pay the sum of $12,000.00 and shall execute a Promissory Note for the payment of an additional $40,000.00 which shall become due and payable on or before May 2021, as full and final settlement and complete satisfaction of any and all claims the Plaintiffs have raised against the Defendant (the "Settlement Payment"), by delivering a check to Reynolds Frizzell 1100 Louisiana, Suite 3500, Houston, Texas 77002, and made payable to "Reynolds Frizzell"

3. Approval of Agreement. This Agreement between the Parties is subject in all respects to the approval of the Bankruptcy Court evidenced by the entry of a written order or the "So Ordering" of this Stipulation (an "Approval Order"). If this Agreement is not approved by the Bankruptcy Court for any reason, then, within ten (10) business days of the date of notification of such disapproval, the Plaintiffs shall return the Settlement Payment to the Debtor and the Agreement shall be of no force and effect.

4. Release of Claims by the Plaintiffs. Other than with respect to the Settlement Payment, the Plaintiffs hereby waives and releases any and all claims, causes of action, rights and remedies it has or had, known or unknown against the Debtor, including but not limited to the claims asserted in the Adversary Proceedings.

5. Release of Claims by the Debtor. The Debtor hereby waives and releases any and all claims, causes of action, rights and remedies each has or had, known or unknown against the Plaintiffs.

6. Upon the Bankruptcy Court so ordering this Stipulation of Settlement, and after the Settlement Payments have been disbursed in good funds, the Defendant and the Plaintiff shall be deemed to have mutually released each other from any and all claims, causes of action, offsets, recoupments, suits, debts, dues, sums of money, accounts, controversies, agreements, promises, damages, judgments, expenses, executions, claims, and demands whatsoever, in law, admiralty or equity, direct or contingent, which the Plaintiffs and/or the Defendant or their respective successors or assignees ever had, or now have, from the beginning of the world to the date of the approval of this Stipulation of Settlement by the Bankruptcy Court

against each other and/or their respective heirs, executors, administrators, agents, representatives, successors and assigns, indebtedness or liability relating to the claims made in the Adversary Proceeding except for the obligations pursuant to this Stipulation of Settlement.

7. Binding Effect.  This Agreement is binding upon the Parties hereto and their successors and assigns.

8. Choice of Law and Jurisdiction.  This Agreement shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New York and applicable Federal law.  The Parties hereby consent to the resolution of any and all disputes arising under, in connection with or relating to this Agreement, and any claims or actions based upon this Agreement, by and under the exclusive jurisdiction of the Bankruptcy Court.

9. No Waiver.  No failure or delay by either Party in exercising any right, power, or privilege under this Agreement or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

10. Severability.  The invalidity, illegality, or unenforceability of any provision of this Agreement shall not affect any other provision of this Agreement, which Agreement shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

11. Entire Agreement.  This Agreement constitutes the entire agreement between the Parties and this Agreement cannot be orally altered, amended, or modified.  It is the intention of the Parties that this paragraph be construed as a merger clause, and that this Agreement be construed as an integrated document.

12. Representations of Authority.  The persons signing below each represents and warrants that he/she has the authority to enter into this Agreement on behalf of the Party on whose behalf he/she so signs.

13. Costs.  Each party to this Agreement shall bear its own attorneys' fees and costs.

14. Counterparts.  This Agreement may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by a Party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the Party so signing, and it shall not be necessary or required that the signatures of all Parties appear on a single signature page hereto. It shall not be necessary, in making proof of the Agreement, to produce or account for more than one (1) counterpart.

15. Signatures By Fax or Scan.  A facsimile or scan (by PDF or other format) evidencing signature on this Agreement shall be deemed to be an original signature for all purposes.  In the event that suit or a proceeding is brought to enforce the terms of this Agreement, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Agreement bearing original signatures of the Parties, other than signatures by facsimile or scan as permitted hereunder.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed by their duly authorized representatives as of the date set forth below.

| | |
|---|---|
| Dated: New York, New York | Dated: New York, New York |
| May 11, 2016 | May 11, 2016 |
| **LAW OFFICE OF RACHEL S. BLUMENFELD** | **LAW OFFICE GABRIEL DEL VIRGINIA** |
| By: */s/ Rachel S. Blumenfeld* | By: */s/ Gabriel Del Virginia* |
| Rachel S. Blumenfeld<br>26 Court Street<br>Brooklyn, New York 11242<br>Tel: (718) 858-9600 | Gabriel DelVirginia<br>30 Wal Street, 12th Floor<br>New York, New York 10005<br>Tel: (212) 371-5478 |
| *Counsel to Plaintiffs* | *Counsel to Debtor* |
| */s/ Daniel J. O'Hare*<br>Daniel J. O'Hare | */s/ Kevin C. Davis*<br>Kevin C. Davis |
| */s/ Michael R. Stewart*<br>Michael R. Stewart | |

**Notwithstanding anything to the contrary in this stipulation, upon consummation of the settlement, the attorney for the plaintiffs is directed to promptly submit a proposed order dismissing this adversary proceeding. The stipulation is otherwise approved.**

**SO ORDERED: 7/5/16**

                                                                **SMB**
                                                                **USBJ**